IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUFFY ARCHIVE LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>SOUL LOUNGE, LLC,<br><br>Defendant. | Case No. 21-cv-08322-MMC<br><br>**ORDER GRANTING IN PART AND DENYING PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; VACATING HEARING; DENYING AS MOOT ADMINISTRATIVE MOTION TO APPEAR REMOTELY** |

Before the Court is plaintiff Duffy Archive Limited's Motion for Default Judgment, filed November 18, 2022. No response has been filed. Having read and considered the papers filed in support of the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for January 13, 2023,[1] and hereby GRANTS in part and DENIES in part the motion, as follows:

1. Given plaintiff's election to seek an award of statutory, in lieu of actual, damages, see 17 U.S.C. § 504(a)(2) (providing for statutory damages in amount "not less than $750 or more than $30,000"), the Court finds the appropriate amount is $9,000, calculated by multiplying plaintiff's license fee of $3,000 (see Montez Decl. ¶¶ 17-18) by a factor of three "to provide a penalty against defendant[ ] and deter potential future infringement by similarly situated actors." See Michael Grecco Productions, Inc. v. Enthusiast Gaming, Inc., 2020 WL 7227199, at *10 (N.D. Cal. December 8, 2020) (internal quotation and citation omitted); see also id. (noting "[c]ourts have consistently

---

[1] In light thereof, plaintiff's Administrative Motion to Appear Remotely, filed December 16, 2022, is hereby DENIED as moot.

1  held that a statutory damages award three times the amount that the plaintiff would have
2  received in licensing fees is appropriate") (internal quotation and citation omitted).
3  Although plaintiff seeks a higher multiplier to account for willful infringement, the
4  complaint includes no facts to support such a finding, and, indeed, the record before the
5  Court suggests a lack of willfulness.  (See Compl. ¶ 22 (alleging plaintiff, "on April 5,
6  2021," first notified defendant as to alleged infringement); Montez Decl. ¶ 17 (averring
7  defendant "appears" to have ceased using plaintiff's copyrighted work "between April 5
8  and May 20, 2021").)  Additionally, although plaintiff seeks another multiplier, specifically,
9  a multiplier of three to account for "scarcity and exclusivity" (see Montez Decl. ¶ 22), the
10 case on which it relies, Leonard v. Stemtech Int'l, Inc., 834 F.3d 376 (3rd Cir. 2016), is
11 readily distinguishable, given the subject of the copyrighted work here is a photograph of
12 the face of a "famous singer-songwriter" (see Montez Decl. ¶ 23) and the only use shown
13 is limited to a single posting on defendant's Instagram page (see Compl. ¶ 14, Ex. 2).  Cf.
14 Leonard, 834 F.3d at 382, 384, 392 (finding multiplier based on "scarcity" appropriate
15 where copyrighted work was "rar[e] . . . stem cell image[ ]" taken with electron
16 microscope; finding multiplier based on "exclusivity" appropriate where defendant's
17 "extensive use" on "numerous" websites was "akin to an exclusive license").

18         2.  Plaintiff is entitled to prejudgment interest on the award of statutory damages at
19 the requested rate of 1.56% from January 17, 2020, the date infringement allegedly
20 began (see Compl. ¶ 14), to January 9, 2023, the date judgment will be entered, which
21 amount is $418.55 (.3847 (($9,000 x .0156 = 140.40) / 365) x 1088 days).  See Polar
22 Bear Productions, Inc. v. Timex Corp., 384 F.3d 700, 716 (9th Cir. 2004) (holding
23 "prejudgment interest is available under the Copyright Act").

24         3.  Plaintiff is not entitled to a permanent injunction, as plaintiff, in light of its
25 evidence that defendant was dissolved on or before April 19, 2022 (see Grossbardt Decl.,
26 filed June 10, 2022, Ex. 4), has not shown "a continued threat of future infringing activity."
27 See Michael Grecco Productions, 2020 WL 7227199, at *9 (holding plaintiff not entitled to
28 permanent injunction where defendant had removed plaintiff's copyrighted work from

website and plaintiff failed to show defendant had "the means to copy any other of [p]laintiff's copyrighted works").

4. Plaintiff is entitled to an award of (a) attorney's fees in the amount of $11,497.50, a sum the Court, based on the showing made by plaintiff, finds reasonable (see Grossbardt Decl., filed November 18, 2022), ¶¶ 5-14, Ex. 1; Pl.'s Mot. at 12:1-20), and (b) costs in the amount of $415.82 (see Grossbardt Decl. Ex. 1 at 12), which sum the Court likewise finds reasonable.

5. Plaintiff shall recover post-judgment interest at the applicable rate from the date of entry of judgment. See 28 U.S.C. § 1961(a).

**IT IS SO ORDERED.**

Dated: January 9, 2023

*/s/ Maxine M. Chesney*
MAXINE M. CHESNEY
United States District Judge